**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jessica Z. Buttimer,<br><br>              Plaintiff,<br><br>    vs.<br><br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. 15-CV-856 JLS (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***<br><br>(ECF No. 3) |

Presently before the Court is Plaintiff Jessica Z. Buttimer's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3.) Plaintiff, proceeding through counsel, has submitted a complaint for judicial review of a final decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)

**MOTION TO PROCEED IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeaApril 20, 2015s corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d

1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

Here, Plaintiff states that she was last employed in 2013 making $7 per hour, does not have a checking account, and receives General Relief in the amount of $550 per month and food stamps. (ECF No. 3 at 2.) Further, Plaintiff has no savings or assets. (*Id*. at 2–3.) Taken at face value, Plaintiff's application demonstrates that she is unable to pay the requisite fees and costs. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

## INITIAL SCREENING

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id*. at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing

parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

In this case, Plaintiff appeals the Commissioner's decision denying Plaintiff's claim for disability insurance benefits. The Court finds that Plaintiff's claim is sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2). *See, e.g.*, *Rhett v. Disman*, 228 Fed. Appx. 225, 227 (3d Cir. 2007) (stating that "seeking review of the denial of supplemental social security disability benefits" is sufficient to state a claim). Therefore, Plaintiff is entitled to U.S. Marshal service on her behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed.R.Civ.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). The Clerk shall issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint and the summons. Upon receipt of this "IFP Package," Plaintiff is directed to complete the forms as

1  completely and accurately as possible, and to return them to the U.S. Marshal
2  according to the instructions provided by the Clerk in the letter accompanying her IFP
3  package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and
4  summons upon Defendant as directed by Plaintiff on the forms. All costs of service
5  shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P.
6  4(c)(3).

7  Defendant shall reply to the complaint within the time provided by the applicable
8  provisions of Federal Rule of Civil Procedure 12(a).  Plaintiff shall serve upon
9  Defendant or, if appearance has been entered by counsel, upon Defendant's counsel,
10 a copy of every further pleading or other document submitted for consideration of the
11 Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the
12 Court a certificate stating the manner in which a true and correct copy of any document
13 was served on the Defendant or counsel of Defendant and the date of service. Any
14 paper received by a district judge or magistrate judge which has not been filed with the
15 Clerk or which fails to include a Certificate of Service may be disregarded.

16 **IT IS SO ORDERED**.

18 DATED: April 20, 2015

19 Honorable Janis L. Sammartino
20 United States District Judge